IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RITA N. FLOYD

Petitioner,

vs.                                                             Civ. No.07-886 MCA/WDS

ALAN COOPER, Warden, et al.,

Respondents

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Rita N. Floyd. Floyd is acting *pro se*. Respondent has filed an Answer in opposition to the Petition and requests dismissal. Petitioner has filed several motions to amend the appeal (Doc. Nos. 16, 18) which the Court has treated as additional claims of error. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the case be dismissed. The Court makes the following findings and recommended disposition.

### FACTUAL AND PROCEDURAL BACKGROUND

Floyd and a second individual operated an enterprise using the telephone and internet to sell hunting trips for which she was paid and for which she did not provide any services. As a part of this enterprise Petitioner transferred forged hunting licenses, made false statements to procure

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

hunting licenses, and on at least 27 occasions sold hunting trips which she did not provide. Petitioner was charged with 101 counts of Fraud, Racketeering, Forgery, and numerous hunting misdemeanors. Floyd was also subject to an habitual offender enhancement as a result of two prior felony convictions in the State of California. Floyd entered into a plea agreement wherein she pled guilty to two felonies, Racketeering and Fraud over $2500.00, and two misdemeanors, Outfitting Without a License (2 Counts).

The Plea and Disposition Agreement (Doc. No. 7-2, Pages 6-10 of 14) stated that Floyd faced a range of sentences for the offenses charged from a minimum of probation to a maximum of 137 years, less credit for some time served. It was also stated in the body of the Plea and Disposition Agreement that while there was no agreement as to sentence, the maximum sentence she would face was fourteen years, less two days incarceration, and a fine of $17,000.00, and an additional four years of incarceration on the habitual offender enhancement, which would be mandatory.

At her plea hearing on August 23, 2006, Floyd was questioned by the district judge as to her constitutional rights and her waiver thereof. He questioned her as to the maximum penalty she was subject to under the original charges. He also enquired as to whether Floyd had read the Plea and Disposition Agreement, understood its terms, and agreed to it. Floyd indicated that she had read the Plea and Disposition Agreement, understood it, understood the maximum penalty of the original charges, and agreed to it.

At her sentencing on October 18, 2006, Floyd and her attorney were both given an opportunity to address the court. Her attorney called a witness, referenced several documents and made an argument on Petitioner's behalf. The Court imposed a sentence of 9 years on the Racketeering Count, 3 years on the Fraud over $2500.00 Count and 364 days on each of the

misdemeanor counts. In addition Petitioner was sentenced to 4 years on the habitual offender count. The sentences and the habitual offender enhancement were ordered to run consecutively. The Court then proceeded to suspend 9 years less two days of the sentence. See Judgment, Partially Suspended Sentence and Commitment (Doc. No. 7-2, Pages 1-5 of 14).

Petitioner filed a Petition for Habeas Corpus in the state court on May 4, 2007 which was dismissed on July 9, 2007 (See Doc. No. 7-3, Pages 1-22). Floyd then filed a Petition for Certiorari with the New Mexico Supreme Court on July 27, 2007, which was denied by Order filed August 8, 2007. This Motion for §2254 Relief was timely filed.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes the requirements for granting a writ of habeas corpus:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim --

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Subsection (d)(1) governs claims of legal error while subsection (d)(2) governs claims of factual error. See *Maynard v. Boone*, 468 F.3d 665 (10th Cir. 2006).

A. Section 2254(d)(1)

1. Clearly established law

The AEDPA "requires federal habeas courts to deny relief that is contingent upon a rule of law not clearly established at the time the state court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 380, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Whether the law is clearly established is the threshold question under § 2254(d)(1). Id. at 390; see also *Yarborough v. Alvarado*, 541 U.S. 652, 660, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004) (the analysis "begin[s] by determining the relevant clearly established law"). Clearly established law is determined by the United States Supreme Court, and refers to the Court's "holdings, as opposed to the dicta." *Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003) (internal quotation marks omitted) (quoting *Williams*, 529 U.S. at 412). The law is not clearly established if it announces "[a] rule that 'breaks new ground or imposes a new obligation on the States of the Federal Government.'" *Williams* at 381 (quoting *Teague v. Lane*, 489 U.S. 288, 301, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)). Supreme Court holdings -- the exclusive touchstone for clearly established federal law -- must be construed narrowly and consist only of something akin to on-point holdings, i.e., with facts that are at least closely-related or similar to the case sub judice. *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006). See also *Rodriguez v. Miller*, 499 F.3d 136, 140 (2d Cir. 2007), ("[*Musladin*] admonishe[d] courts to read the Supreme Court's holdings narrowly and to disregard as dicta . . . much of the underlying logic and rationale of the high court's decisions."), *cert. denied*, 170 L. Ed. 2d 362 (U.S. 2008).

Without clearly established federal law, a federal habeas court need not consider whether a state court's decision was "contrary to" or involved an "unreasonable application" of such law. The threshold determination that there is no clearly established federal law is analytically dispositive in the § 2254(d)(1) analysis. *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008).

2. Contrary to or unreasonable application of clearly established federal law

If the threshold question as to the existence of clearly established federal law is answered affirmatively, the Court must then consider whether the state court decision is either contrary to or an unreasonable application of such law. A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard*, 468 F.3d at 669 (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).

## DISCUSSION

Floyd raised three grounds in her original Motion. Claim One alleges that the State District Court Judge imposed a sentence far in excess of what was agreed upon. Claim Two alleges that the District Court Judge committed error by not assessing half the blame for the crimes on the co-defendant, who was Floyd's business partner. Claim Three alleges error because the District Court Judge did not impose a similar sentence on her as had been imposed by another judge in a game and fish case in Albuquerque. In Floyd's amended petition she appears to add three more claims, which will be identified by the Court as claims Four through Six. Claim Four cites a series of legal propositions supported by case citations without any discussion or facts connecting the propositions to her case. In essence she alleges that: 1) the sentencing judge made improper comments concerning his views on guilt or innocence; 2) the sentencing judge erroneously allowed statements of a co-defendant to be admitted without those statements being subjected to cross-examination; and

5

3) the prosecutor failed to disclose material evidence affecting the credibility of a government witness.

Claim Five alleges two grounds of ineffective assistance of counsel: 1) defense counsel allowed entry of a guilty plea on defendant's mistaken belief that the plea bargain was conditional and preserved certain (non identified) non jurisdictional issues; and 2) defense counsel failed to file an appeal.

Claim Six alleges errors on the part of the judge in failing to advise her of the correct maximum sentence, entry of a guilty plea on defendant's mistaken belief that the plea bargain was conditional and preserved certain (non identified) non jurisdictional issues, improper discussion concerning his views on guilt or innocence of the defendant, and an ex-post facto use of the sentencing guidelines. The Court will address these in order.

Floyd claims that the district court judge imposed a sentence far in excess of what was agreed upon in the Plea and Disposition Agreement. Floyd references the Plea Bargain as evidence of this. Arguably, this allegation could be a due process violation contrary to clearly established federal law. However, as noted above, this allegation is factually incorrect. The Plea and Disposition Agreement on page 4 clearly stated the maximum sentence of 137 years less 68 days if convicted on all counts. Floyd put her initials next to that disclosure. On page 2 of the agreement it is clearly stated that there is no agreement as to sentence except the parties agreed that a 4 year habitual offender enhancement would be applied to only one of the felonies to which she was pleading guilty, and the maximum penalty for the charges to which she was pleading guilty would be 14 years less two days of incarceration, a fine of $17,000.00, and an additional 4 years incarceration on the habitual offender enhancement.

At Petitioner's plea hearing the judge went over the maximum penalty if convicted of all

offenses and the fact that the plea agreement envisioned that she would serve some time as a result of the mandatory 4 years under the enhancement. As was noted above, Petitioner was sentenced to the maximum penalty for the charges to which she pled guilty, i.e., 18 years minus two days. The judge suspended approximately half of her exposure under the plea agreement, i.e. nine years. The sentence did not exceed what was set forth in the plea agreement. There was no violation of clearly established federal law and this claim is without merit and should be dismissed.

In Claim Two Floyd argues that the trial judge erred by placing all the blame on her even though she had an accomplice. Apparently Petitioner's accomplice entered into a plea agreement that provided for no incarceration. This Court is aware of no clearly established federal law that requires punishment for a crime to be apportioned on the basis of the number of those participating in the crime. The alleged action of the judge in sentencing her under state law without apportioning guilt among the co-defendants was not a violation of clearly established federal law. This is dispositive under §2254(d)(1), and the claim should be dismissed.

Claim Three, which concerns the trial court's failure to apply a lesser sentence based upon an unidentified game and fish case in Albuquerque is similarly without merit and fails the "clearly established federal law" test under §2254(d)(1). This claim should be dismissed.

Claim Four is a series of complaints about the actions of the trial judge in making improper comments concerning his views on guilt or innocence, and various allegations that the judge allowed statements of a co-defendant to be admitted without being subjected to cross-examination, and the prosecutor not disclosing material evidence affecting the credibility of a government witness. These allegations, taken at face value, could raise due process or Confrontation Clause issues and could describe violations of clearly established federal law. However, the record of the plea hearing and the sentencing hearing does not support these allegations. Petitioner does not cite a particular

statement by the judge regarding guilt or innocence, does not identify the statement of a co-defendant that was improperly admitted, and does not identify the material evidence held back by the prosecutor.  Until Floyd pled guilty the trial judge made no comment about her guilt or innocence.  At the sentencing hearing, the judge explained in detail his reasons for the sentence.  There was nothing improper or inflammatory about those remarks and Floyd does not point out any specific comments.

The claim that the judge allowed statements of a co-defendant to be admitted without cross examination is also without any basis in fact.  There was no trial.  The co-defendant did not give testimony.  Similarly Floyd makes no factual allegation nor is there evidence of the government failing to disclose material evidence affecting the credibility of a government witness.  Neither does Floyd identify who that witness might be.  The Court is not inclined to speculate as to whom she may be referring.  There being no factual basis for the Claim Four allegations, they should be dismissed.

The allegations of ineffective assistance of counsel set forth in Claim Five are also without merit.  There is a large body of clearly established federal law relating to an accused right to effective assistance of counsel.  *See, Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  However, the allegation that defense counsel allowed entry of a guilty plea on defendant's mistaken belief that the plea bargain was conditional and preserved certain (unidentified) non jurisdictional issues is factually incorrect.  A simple review of the Plea and Disposition Agreement makes clear that Petitioner's guilty plea was in no way conditional.  Floyd does not allege in what manner the pleas were conditional, nor does she give any information as to what non-jurisdiction issues were to be preserved.  The Court can find no evidence in the record to support these allegations.  Floyd's other argument was that her counsel failed to file an appeal.

There is no indication in the state court record, nor in the materials submitted to this Court that Floyd requested an appeal. Nor does she identify any ground upon which she would have appealed.

In *Strickland*, 466 U.S. at 686-87, the Supreme Court devised a two-step inquiry to determine whether a lawyer's poor performance deprived an accused of his Sixth Amendment right to assistance of counsel. In order to establish an ineffective assistance claim, the petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced [his] defense." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999), cert. denied, 529 U.S. 1027 (2000). To establish deficient performance, Floyd must show that her attorney made "errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," *Williams v. Taylor*, 529 U.S. 362, 390, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000), quoting *Strickland*, 466 U.S. at 687; and that her legal "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To establish prejudice, Floyd "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* The Court can identify no deficient performance on the part of defense counsel. Accordingly, this claim of error should be dismissed.

Claim Six alleges error on the part of the judge in failing to advise Petitioner of the correct maximum sentence, entry of a guilty plea on Petitioner's mistaken belief that the plea bargain was conditional and preserved certain (non identified) non jurisdictional issues, and improperly discussing his views on the guilt or innocence of the defendant. These allegations are repetitions of the allegations in other claims, and the futility of those claims was adequately addressed above. The additional allegation that the trial judge made ex-post facto use of the sentencing guidelines cites to cases in Federal courts that concern the use the Federal Sentencing Guidelines. Obviously,

the Federal Sentencing Guidelines have no applicability to a New Mexico state court sentencing. Thus, this portion of her claim is also without merit and should be dismissed.

## CONCLUSION

For all of the reasons set out above, Floyd's claims are either factually unsupportable or they they are not decisions that were contrary to, or involved an unreasonable application of, clearly established Federal law under §2254(d). Accordingly, the Court recommends that all of Floyd's claims should be denied.

_____
W. Daniel Schneider
United States Magistrate Judge